HENRY JURGENSEN, APPELLEE, V. IRA ROGERS, DOING BUSINESS AS ROGERS CONSTRUCTION COMPANY, APPELLANT.

296 N. W. 341

FILED FEBRUARY 7, 1941. No. 31064.

*Clarke & Patterson,* for appellant.

*Torgeson & Halcomb, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

Plaintiff commenced this action under the workmen's compensation law to recover compensation for injuries sustained in an accident arising out of and in the course of his employment with the defendant. The trial court entered an award for plaintiff and the defendant appeals.

The record discloses that plaintiff was employed by the

defendant as a blade-machine operator on a highway construction job on the basis of a 40-hour week at 55 cents an hour. On June 26, 1939, at or about 10 o'clock a. m., and while so employed, plaintiff was standing on the platform of his machine, at which time he alleges that a sudden jerk caused him to be thrown against the machine in such a way as to injure plaintiff's back. The evidence is very conflicting as to the manner in which plaintiff's back was struck, although the incident was witnessed by the tractor operator and the foreman on the job. The foreman testifies that, although plaintiff was thrown around by the jerk of the tractor in starting, it was impossible for plaintiff to have been struck on the back by any part of the machine. Defendant paid compensation to the plaintiff for several months. We think that the circumstances shown by the record are sufficient to establish that an accident occurred which arose out of and in the course of the employment. The primary question to be determined from this record is the extent of the injuries sustained, if any, and the nature of the award, if any, to be entered under the provisions of the workmen's compensation law.

Plaintiff testified that with his left hand he was holding on to a large wheel used in operating the machine and was turning a crank on the right with his right hand when he was thrown around to his left, causing his right side and back to be injured by striking other parts on the left side of the machine. That the accident happened very suddenly is not disputed. Plaintiff continued work for the balance of the day, although he says his condition became progressively worse. No exterior marks or bruises on the person of plaintiff are shown by the record.

Plaintiff relies upon three osteopathic physicians and surgeons to establish the extent of the injury. The substance of their evidence is to the effect that plaintiff was suffering from an injury to the intervertebral discs with ankylosis of the thoracic vertebræ from the eighth to the twelfth, together with a possible fracture of the eleventh thoracic vertebra. One physician also testified that plaintiff had

traumatic neuritis of the sciatic nerve on the right side and a twisted and slightly dislocated pelvis, including an abnormal rigidity of the tissues in the sacroiliac region. The conclusion reached by plaintiff's expert witnesses is that, although further improvement may be expected, plaintiff is permanently disabled from doing any similar work in the future.

Defendant called as witnesses two local physicians; a physician and surgeon with 16 years practice in Denver, Colorado, and a member of the faculty of the Colorado University Medical School; and a physician from Denver, Colorado, who specializes in neurology. The testimony of defendant's experts is to the effect that plaintiff has suffered no injury to any vertebra through trauma, although there are evidences indicating that plaintiff is suffering from an osteoarthritic condition in no way related to an injury. They further testified that the nervous system and all reflexes were normal, no evidence of sciatica and no evidence of injury to the intervertebral discs. The general opinion of these expert witnesses was to the effect that plaintiff was exaggerating the pain in the back, was suffering from osteoarthritis of long duration and was not totally disabled and in no way disabled as a result of the accident.

The record shows that plaintiff was 59 years of age, was 6 feet in height and weighed about 220 pounds. There is evidence in the record of a previous injury to plaintiff's back, but the evidence is not sufficient to show that it contributed in any way to his present condition.

The evidence concerning the extent of the injury sustained and the resulting disability, if any, is so conflicting that we would ordinarily take into consideration the fact that the trial court, from the conduct and demeanor of the witnesses, and the manner of their testifying in his presence, has a better opportunity for determining their credibility and the weight to be accorded to their evidence than does this court. *Donker v. Central West Public Service Co.*, 134 Neb. 892, 280 N. W 168. But in attempting to apply the foregoing rule we discover that the judgment of the trial

court merely finds that plaintiff was temporarily totally disabled and that he should receive compensation at the rate of $14.67 a week for 300 weeks. There is no finding of an accident suffered by plaintiff arising out of and in the course of the employment, or that any disability that plaintiff might have was a result thereof. For aught the findings of the trial court show, the temporary total disability may be the result of disease or some accident disconnected from the case before us. There is likewise no evidence in the record that plaintiff was temporarily totally disabled at the time the case was tried in the district court. Plaintiff contended at all times that he was totally and permanently disabled, while defendant urged that there was no disability at all which resulted from the accident. We are unable, therefore, to sustain the judgment of the trial court by applying the rules which ordinarily govern an appellate court in such cases. On the other hand, the plaintiff ought not to be deprived of benefits, if any, to which he might be entitled because of the failure of the trial court to make findings of fact on the material issues of the case.

While the workmen's compensation law is subject to liberal construction and procedural niceties ought not to be strictly adhered to, substantive requirements must be fulfilled. An award of compensation benefits without findings of fact showing that the case is one properly within the terms of the workmen's compensation law is fatally deficient where the evidence is in direct conflict as in the case at bar. We think, also, that the evidence in this case is such that an award should be entered, if the court finds plaintiff entitled to an award, fully determining the character and extent of plaintiff's disabilities, the amounts to be awarded and the time of their payment.

The judgment of the district court is reversed and the cause remanded for further proceedings in accordance with this opinion.

REVERSED.